CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

MAR 0 6 2012

JULIA C. DUDLEY, CLERK
BY: /s/ Fay Coleman
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| RONALD LEE ROBERTSON,<br><br>*Plaintiff,*<br><br>v.<br><br>FLOWERS BAKING CO. OF LYNCHBURG, LLC,<br><br>*Defendant.* | CIVIL ACTION No. 6:11-cv-00013<br><br>MEMORANDUM OPINION<br><br>JUDGE NORMAN K. MOON |

The pro se Plaintiff filed a complaint alleging that Defendant, his former employer, denied him a reasonable accommodation and discriminated against him in violation of the Americans with Disabilities Act (the "ADA"). Defendant has filed a motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure, arguing that the court lacks subject matter jurisdiction over Plaintiff's claims because Plaintiff's intervening bankruptcy action caused him to lose standing to pursue the claims he alleges in this lawsuit, as those claims now belong exclusively to the bankruptcy trustee.[1] As explained herein, Plaintiff fails to show that he has standing to bring this action, and I will grant the motion to dismiss for lack of subject matter jurisdiction.[2]

---

[1] Alternatively, Defendant argues that the complaint should be dismissed under Rule 12(b)(6) because Plaintiff has taken inconsistent positions in this action and his bankruptcy action (where he failed to disclose the instant claims as assets) and therefore Plaintiff is judicially estopped from bringing the claims. Although Plaintiff's standing theoretically could be obtained were the right to the claims abandoned by the bankruptcy trustee, Plaintiff would be judicially estopped from bringing this action, and the complaint would be dismissed for failure to state a claim upon which relief can be granted. Accordingly, this opinion includes a discussion of the merits of Defendant's motion under 12(b)(6).

[2] My review of the docket and Defendant's filings in this case does not indicate that Defendant has complied with W.D. Va. Civ. R. 11(b), "**Determination of Motions**," which states that "[t]he moving party is responsible either
(continued...)

# I.

A motion to dismiss for lack of standing attacks the district court's subject matter jurisdiction. *See Allen v. Wright*, 468 U.S. 737, 750 (1984) (federal courts are under an independent obligation to examine their own jurisdiction, and standing "is perhaps the most important of [the jurisdictional] doctrines"). Rule 12(b)(1) permits a party to move for dismissal of an action based on lack of subject matter jurisdiction. Whether a court retains subject matter jurisdiction over an action is an issue that can be raised at any time. *United States v. Beasley*, 495 F.3d 142, 147 (4th Cir. 2007). As with a motion to dismiss pursuant to Rule 12(b)(6), a court considering a motion to dismiss pursuant to Rule 12(b)(1) must accept as true all material factual allegations in the complaint and must construe the complaint in favor of the plaintiff. *Warth v. Seldin*, 422 U.S. 490, 501 (1975); *see also Falwell v. City of Lynchburg, Virginia*, 198 F. Supp. 2d 765, 772 n. 6 (W.D. Va. 2002). However, when considering a challenge to the factual basis for subject matter jurisdiction, "the burden of proving subject matter jurisdiction is on the plaintiff."[3] *Richmond, Fredericksburg & Potomac R.R. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). A court "may consider evidence outside the pleadings without converting the proceeding into one for summary judgment," but "[t]he moving party should prevail only if

---

[2](...continued)
to set a motion for hearing or to advise the Court that all parties agree to submission of the motion without a hearing." Nor has Plaintiff requested a hearing. *See id.* ("[t]he non-moving party also may arrange for a hearing"). The Rule further states that, "[u]nless otherwise ordered, a motion is deemed withdrawn if the movant does not set it for hearing (or arrange to submit it without a hearing) within 60 days after the date on which the motion is filed." *Id.* Because the movant, *i.e.*, Defendant, apparently has not set the motion for a hearing nor arranged to submit it without a hearing within 60 days after the date on which it was filed, I could deem the motion withdrawn. However, "the Court may determine a motion without an oral hearing." *Id.* (citing the Rule's accordance with Fed. R. Civ. P. 78(b)). As a matter of judicial economy, I will address the motion.

[3] I do not discern from the docket that Plaintiff has been provided notice, as required by *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975), of his opportunity to file responsive materials; however, as summarized elsewhere in this memorandum opinion, Plaintiff has in fact filed a response to the motion to dismiss.

the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Id.* (citation omitted).

## II.

The record Defendant has submitted in support of its motion indicates that, on May 18, 2009, Plaintiff filed for Chapter 13 bankruptcy in the United States Bankruptcy Court for the Western District of Virginia.[4] Plaintiff was represented by an attorney throughout the entire bankruptcy proceeding.

On the bankruptcy petition's "Statement of Financial Affairs," Plaintiff was required to disclose "all suits and administrative proceedings to which the debtor is or was a party within one year immediately proceeding the filing of this bankruptcy case." Plaintiff disclosed that he was a defendant in a civil lawsuit filed against him by Lynchburg General Hospital. On the bankruptcy petition's "Schedule B-Personal Property," Plaintiff stated "None" in response to the requirement to list "contingent and unliquidated claims of every nature" and to "[g]ive the estimated value of each."

Defendant terminated Plaintiff's employment on July 10, 2009,[5] approximately one

---

[4] *See* Petition No. 09-61588, United States Bankruptcy Court for the Western District of Virginia. This court can take judicial notice of its own records, including the filings in the bankruptcy court. *See Anderson v. FDIC*, 918 F.2d 1139, 1141 n. 1 (4th Cir. 1990) ("[T]he Bankruptcy Court is considered 'a unit of the district court' under 28 U.S.C. § 151, and we believe a district court should properly take judicial notice of its own records. . . ."). Accordingly, and in light of the doctrines of standing and judicial estoppel discussed herein, dismissal of this case is proper under Rule 12.

[5] Defendant states that it terminated Plaintiff's employment because of "job abandonment." Defendant denies that any of its decisions involving Plaintiff, including its decision to terminate his employment, were based on an alleged disability or any other protected category, and were based on legitimate, nondiscriminatory reasons, specifically, Plaintiff's failure to report to work for two consecutively scheduled work days without calling in to report either absence.

month before the bankruptcy court confirmed his Chapter 13 Plan.

On December 4, 2009, while his Chapter 13 bankruptcy was pending, Plaintiff filed a charge with the United States Equal Employment Opportunity Commission ("EEOC"), alleging that Defendant had discriminated against him in violation of the ADA. However, Plaintiff did not amend his Statement of Financial Affairs to include the EEOC Charge. Nor did he amend Schedule B to include his claims against Defendant as potential assets. Plaintiff nonetheless declared under penalty of perjury that the information contained in his bankruptcy petition was true and correct.

On January 15, 2010, while his Chapter 13 bankruptcy case was still pending, Plaintiff filed a motion with the bankruptcy court to convert his bankruptcy petition to Chapter 7. On January 19, 2010, his motion was granted and the case was converted. In the bankruptcy court's "Order Granting Motion to Convert Case to Chapter 7," Plaintiff was ordered to file with the bankruptcy court, among other things, "a schedule of property not listed in the final report and account, which property was acquired after the filing of the original petition but before the entry of this Conversion Order." However, Plaintiff failed to disclose his claims to the bankruptcy court and, because Plaintiff did not disclose the claims underlying his EEOC charge, the claims were not included in the "Final Report and Account" that the bankruptcy trustee filed with the bankruptcy court.

On February 17, 2010, nearly a month after the bankruptcy court's Conversion Order, Plaintiff filed an amendment to Schedule I of his bankruptcy petition, adding "food stamps" to the section requiring him to specify "other monthly income." However, Plaintiff still did not amend his Schedules or Statement of Financial affairs to report his pending EEOC Charge or the underlying claims and the expected value of those claims.

On February 26, 2010, the Chapter 7 bankruptcy trustee in control of Plaintiff's estate reported to the bankruptcy court that "there is no property available for distribution from the estate" based on the information the trustee had received from Plaintiff, including Plaintiff's sworn testimony filed in the bankruptcy court. On April 27, 2010, relying on Plaintiff's disclosures, the bankruptcy court discharged over $58,000 of Plaintiff's debts, and the bankruptcy case was closed.

Plaintiff received notice from the EEOC, dated April 15, 2011, that the EEOC was closing its file on his charge because,

> [b]ased upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

The notice informed Plaintiff that he had 90 days within which to file a suit under the ADA, or his right to sue under federal law would be lost. Plaintiff filed the instant suit on May 3, 2011.

In response to the motion to dismiss, Plaintiff states that it "is absolutely correct" that he filed for Chapter 13 bankruptcy in May 2009, but he incorrectly asserts that Defendant fails "to note that [he] was still employed with [Defendant] at the time. . . ." In Plaintiff's view, "[t]he EEOC filing was not submitted until December of 2009 so this fact would not have been admissible at [the] time of filing as it was prior to the actual EEOC filing." Plaintiff adds that, after he was fired,

> his Bankruptcy was converted to a Chapter 7 as he had no income to pay his bills. There was not a new case opened but rather a transition from one filing to another. Hence, the reason that [Plaintiff] was not aware of the need to provide these details to the Bankruptcy attorney. . . . Finally, [Plaintiff] spoke with his bankruptcy attorney who informed him that he did not willingly break any laws by not providing these details prior to his Chapter 13 being converted to Chapter 7.

Plaintiff further states that "[w]hen [he] filed Bankruptcy he was not aware of the disclosure that was apparently required," and that, although "he did in fact inform his attorney that he had filed a claim with the EEOC," "[h]e was informed by his attorney that this information was not needed for [sic] necessary for this proceeding."[6]

### III.

Under federal bankruptcy law, the bankruptcy estate comprises, with exceptions not applicable here, "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1); see also 11 U.S.C. §§ 301 – 303. This definition "has been construed 'broadly to encompass all kinds of property, including intangibles.'" *Logan v. JKV Real Estate Servs.*, 414 F.3d 507, 512 (4th Cir. 2005) (quoting *Integrated Solutions, Inc. v. Service Support Specialties, Inc.*, 124 F.3d 487, 490 (3d Cir. 1997)). "More specifically, 'property of the estate' under § 541(a) has 'uniformly been interpreted to include causes of action.'" *Id.* (quoting *Polis v. Getaways, Inc.*, 217 F.3d 899, 901 (7th Cir. 2000)); see also *Richman v. Garza*, 117 F.3d 1414 (Table), 1997 WL 360644 (4th Cir. Jul. 1, 1997) (observing that "[a] legal cause of action is an interest of the debtor in property within the meaning of section 541"). Causes of action that belong to the debtor's bankruptcy estate may only be pursued by the trustee, as representative of the bankruptcy estate. *Nat'l American Ins.*

---

[6] Plaintiff cannot claim that reliance on the advice of his attorney relieved him of his duty to disclose. *See Rouse v. Lee*, 339 F.3d 238, 249 (4th Cir. 2003) (finding that counsel's errors were attributable to plaintiff under standard principles of agency); *Sholdra v. Chilmark Fin. LLP (In re Sholdra)*, 249 F.3d 380, 383 (5th Cir. 2001) (holding that the debtor's reliance on the advice of counsel did not relieve him of his duty to disclose); *Cannot-Stokes v. Potter*, 453 F.3d 446, 449 (7th Cir. 2006) ("Yet bad legal advice does not relieve the client of the consequences of her own acts. A lawyer is the client's agent, and the client is bound by the consequences of advice that the client chooses to follow.").

*Co. v. Ruppert Landscaping Co.*, 187 F.3d 439, 441 (4th Cir. 1999).

An EEOC charge, and even the underlying facts that might support a discrimination claim, qualifies as an asset that must be disclosed to the bankruptcy court. *See, e.g., Brockington v. Jones*, Civil Action No. 4:05-cv-3267, 2007 WL 4812205, at *4 (D.S.C. Nov. 28, 2007) (unpublished) (citing *Thomas v. Palmetto Mgmt. Servs.* (hereinafter "*Thomas v. Palmetto*"), Civil Action No. 3:05-cv-17, 2006 WL 2623917, at *4 (D.S.C. Sept. 11, 2006) (unpublished), *aff'd*, 234 F. App'x 166 (4th Cir. 2007) (finding that plaintiff's filing of EEOC charge after filing her bankruptcy petition but before the bankruptcy case was closed without ever amending her petition to reflect the EEOC claims supported dismissal of plaintiff's lawsuit)).

At the time of filing the bankruptcy petition, the debtor surrenders the right to control the estate, including existing or potential legal claims, to the bankruptcy trustee. *See* 11 U.S.C. §§ 323(a), 701; *Richman*, 1997 WL 360644, at *1. Thus, "[c]auses of action that belong to the debtor's bankruptcy estate may only be pursued by the trustee, as representative of the bankruptcy estate." *A.T. Massey Coal Co., Inc. v. Jenkins*, Civil Action Nos. 7:08-cv-5632009, 7:09-cv-3, WL 1437829, at *3 (W.D. Va. May 22, 2009) (citing *Nat'l Am. Ins. Co. v. Ruppert Landscaping Co.*, 187 F.3d 439, 441 (4th Cir. 1999)). Significantly, the bankruptcy trustee's authority also extends over causes of actions, such as Plaintiff's claims here, that were never disclosed to the bankruptcy court in the debtor-plaintiff's bankruptcy filing. *See, e.g., Sain v. HSBC Mortg. Servs., Inc.*, Civil Action No. 4:08-cv-2856, 2009 WL 2858993, at *5 (D.S.C. Aug. 28, 2009) ("a cause of action becomes a part of the estate whether or not it is disclosed by the debtor"); *Hutchins v. Internal Revenue Serv.*, 67 F.3d 40, 43 (3d Cir. 1995) ("since the bankrupt estate retains unscheduled assets, only the bankruptcy trustee has the authority to control them").

Case 6:11-cv-00013-NKM-BWC Document 50 Filed 03/06/12 Page 7 of 14 Pageid#: 374

District courts within the Fourth Circuit have dismissed a plaintiff's claims for lack of subject matter jurisdiction where the debtor-plaintiff failed to disclose the existence of such claims in his or her Chapter 7 bankruptcy filing. *See, e.g., Sain*, 2009 WL 2858993, at *5 (dismissing for lack of subject matter jurisdiction because plaintiff did not have standing to bring suit when he was in Chapter 7 bankruptcy and observing that any claims plaintiff had belonged to the trustee); *In re Family Dollar FLSA Litigation*, Civil Action No. 3:08-cv-19332, 2009 WL 1750908, at *5 (W.D. N.C. June 19, 2009) (finding that plaintiff lacked standing to pursue claims because they were the property of the bankruptcy estate, and only the bankruptcy trustee has standing to pursue such claims).

During the pendency of his bankruptcy proceeding, and prior to filing a motion to convert his Chapter 13 bankruptcy petition to Chapter 7, Plaintiff filed an EEOC charge, alleging claims against Defendant. Accordingly, his claims against Defendant in this action, even though undisclosed to the bankruptcy court, became exclusive property of the bankruptcy estate, and therefore only the bankruptcy trustee – not Plaintiff – has the sole authority over such claims. As such, on January 19, 2010, when the bankruptcy court granted Plaintiff's motion to convert his case to Chapter 7, Plaintiff lost standing to pursue his ADA claims against Defendant, and Defendant's motion to dismiss for lack of subject matter jurisdiction must be granted.

## IV.

As I noted at the outset of this opinion, Defendant argues in the alternative that the complaint should be dismissed under Rule 12(b)(6) because Plaintiff has taken inconsistent positions in this action and his bankruptcy action (where, as already discussed, he failed to disclose the instant claims as assets) and thus is judicially estopped from bringing the ADA

-8-

Case 6:11-cv-00013-NKM-BWC   Document 50   Filed 03/06/12   Page 8 of 14   Pageid#: 375

claims. Because Plaintiff could – in theory, at least – obtain standing were the claims abandoned by the bankruptcy trustee,[7] I will, out of an abundance of caution, discuss the merits of Defendant's motion to dismiss under Rule 12(b)(6).[8]

As already mentioned, debtors seeking shelter under federal bankruptcy laws bear an affirmative duty to disclose all actual or potential legal claims, along with the estimated value of those claims, to the bankruptcy court on the requisite schedule of assets and liabilities accompanying the bankruptcy petition. *See* U.S.C. § 541(a)(1). Pursuant to this duty to disclose, debtors must disclose all potential causes of action, including litigation that is likely to arise in a non-bankruptcy setting. *See Brockington*, 2007 WL 4812205, at *4 (citations omitted).

---

[7] Section 554(a) of the Bankruptcy Code allows the trustee to "abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(a). When a trustee abandons property under § 554, the property "ceases to be a part of the estate," and it "reverts to the debtor and stands as if no bankruptcy petition was filed." *Dewsnup v. Timm*, 908 F.2d 588, 590 (10th Cir. 1990), *aff'd*, 502 U.S. 410 (1992) (internal citations omitted); *see also Terjen v. Santoro*, 30 F.3d 131 (Table), 1994 WL 411603 (4th Cir. Aug. 5, 1994) ("title to abandoned property reverts to the debtor as it was held previous to the filing of bankruptcy") (internal citations omitted); 5 *Collier on Bankruptcy* P 554.02[3] (15 ed. rev. 2009) ("[A]bandonment constitutes a divestiture of all of the estate's interests in the property. Property abandoned under section 554 reverts to the debtor, and the debtor's rights to the property are treated as if no bankruptcy petition was filed.").

[8] While extrinsic evidence is generally not to be considered at the Rule 12(b)(6) stage, "a court may consider official public records, documents central to plaintiff's claim, and documents sufficiently referred to in the complaint so long as the authenticity of these documents is not disputed." *Witthohn v. Fed. Ins. Co.*, 164 Fed. App'x. 395, 396–97 (4th Cir. 2006); *see also Gasner v. Dinwiddie*, 162 F.R.D. 280, 282 (E.D. Va. 1995) (district court may take judicial notice of public documents, such as court records, even when the documents are neither referenced by nor integral to the complaint). And, as previously noted, this court can take judicial notice of its own records, including the filings in the bankruptcy court. *See* n. 4, *supra*.

When considering a motion to dismiss for failure to state a claim upon which relief can be granted, I apply the pleading standard refined by *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009). *See also* Fed. R. Civ. P. 12(b)(6), Fed. R. Civ. P. 8. Plaintiffs must allege facts that "state a claim to relief that is plausible on its face," *i.e.*, facts that "have nudged their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. A claim is plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and if there is "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at ___, 129 S. Ct. at 1949. The following long-held rule still stands: "In evaluating a Rule 12(b)(6) motion to dismiss, a court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff in weighing the legal sufficiency of the complaint." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

Case 6:11-cv-00013-NKM-BWC Document 50 Filed 03/06/12 Page 9 of 14 Pageid#: 376

The debtor has an obligation to disclose all potentially meritorious claims, not just those that are likely to succeed. *Id.* at *3. This disclosure is essential to the processing of a bankruptcy petition because "all legal or equitable interests of the debtor," including any and all legal claims or causes of action that have accrued as of the date of the bankruptcy (or during the pendency thereof), become property of the bankruptcy estate as a matter of law upon the debtor's filing of the petition. 11 U.S.C. § 541(a)(1); 11 U.S.C.. § 1306(a); *In re US Internetworking*, 310 B.R. 274, 282 (Bankr. D. Md. 2004) (citing *Rosenshein v. Kleban*, 918 F. Supp. 98, 104 (S.D. N.Y. 1998) ("full and complete disclosure [in bankruptcy] is required to preserve the integrity of the judicial function of the bankruptcy courts"). Importantly, the debtor's duty to disclose does not end once the petition and related forms are submitted to the bankruptcy court. *Thomas v. Palmetto*, 2006 WL 2623917, at *4. Rather, this duty continues through the pendency of the bankruptcy proceeding and requires the Plaintiff to amend his financial statements if his situation changes. See *Casto v. American Union Boiler Co. of West Virginia*, Civil Action No. 2:05-cv-757, 2006 WL 660458, *2 (S.D. W.Va. March 14, 2006). Furthermore, when an individual converts his bankruptcy case from Chapter 13 to Chapter 7, he is required to amend his bankruptcy schedules and statement of financial affairs to include any existing or potential assets that he may have gained since the filing of the Chapter 13 petition. *Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282, 1286 (11th Cir. 2002). Courts and creditors alike rely on a debtor's financial disclosures when making decisions as to a debtor's requests for protection under the bankruptcy laws, making a debtor's full and honest disclosure vital. *Id*; *Thomas v. Palmetto*, 2006 WL 2623917, at *4. Based on the bankruptcy court record, it is indisputable that Plaintiff never disclosed his EEOC charge or the underlying claims to the bankruptcy court.

"Judicial estoppel is a principle developed to prevent a party from taking a position in a

Case 6:11-cv-00013-NKM-BWC   Document 50   Filed 03/06/12   Page 10 of 14   Pageid#: 377

judicial proceeding that is inconsistent with a stance previously taken in court." *Zinkand v. Brown*, 478 F.3d 634, 638 (4th Cir. 2007) (citing *John S. Clark Co. v. Faggert & Frieden, P.C.*, 65 F.3d 26, 28 (4th Cir. 1995)). It is "an equitable doctrine that exists to prevent litigants from playing 'fast and loose' with the courts – to deter improper manipulation of the judiciary." *Folio v. City of Clarksburg*, 134 F.3d 1211, 1217 (4th Cir. 1998) (quoting *John S. Clark*, 65 F.3d at 28-29). The United States Court of Appeals for the Fourth Circuit has adopted a four-prong test to determine whether judicial estoppel should be applied in a particular case. The doctrine applies where

> 1) the party to be estopped [is] advancing an assertion that is inconsistent with a position taken during previous litigation; 2) the position [is] one of fact instead of law; 3) the prior position [was] accepted by the court in the first proceeding; and 4) the party to be estopped [has] acted intentionally, not inadvertently.

*Id* (citing *Lowery v. Stovall*, 92 F.3d 219, 224 (4th Cir. 1996)).

Plaintiff's assertion in this court that he has a valid cause of action against Defendant is a factual assertion inconsistent with his previous position in the bankruptcy court that he had no contingent or unliquidated claims. *See Stallings v. Hussmann Corp.*, 447 F.3d 1041, 1047 (8th Cir. 2006) ("A debtor's failure to list a claim in the mandatory bankruptcy filings is tantamount to a representation that no such claim existed."); *Casto v. American Union Boiler Co. of West Virginia*, Civil Action No. 2:05-cv-757, 2006 WL 660458, *3 (S.D. W.Va. March 14, 2006) ("By omitting his existing claim and potential claims from his disclosures, he averred to the bankruptcy court that no such claims existed. Consequently, his position before this court that he has a valid age discrimination claim based on conduct that occurred prior to his filing for bankruptcy is wholly inconsistent with the position he adopted during his bankruptcy proceeding."). Additionally, Plaintiff's position that he had no contingent or unliquidated claims

-11-

was accepted by the bankruptcy court when it issued an order discharging Plaintiff's debts, discharging the trustee, and closing the case. *See Jethroe v. Omnova Solutions, Inc.*, 412 F.3d 598, 600 (5th Cir. 2005) ("The second element of the judicial estoppel test, acceptance by the bankruptcy court, is also satisfied. That court certainly confirmed Jethroe's plan at least in part based on its assessment of her assets and liabilities.").

Finally, Plaintiff acted intentionally, rather than inadvertently, when he failed to disclose the present action to the bankruptcy court. In bankruptcy cases, a "debtor's failure to satisfy its statutory disclosure duty is inadvertent 'only when, in general, the debtor either lacks knowledge of the undisclosed claims or has no motive for their concealment.'" *Thomas v. Palmetto*, 2006 WL 2623917, *3 (citing *In re Coastal Plains, Inc.*, 179 F.3d 197, 210 (5th Cir. 1999); *Browning v. Levy*, 283 F.3d 761, 776 (6th Cir. 2002)). Plaintiff knew of his claims against Defendants in this action because he filed the EEOC charge at issue in this action while his petition was pending in bankruptcy court, and he thereafter moved to convert his Chapter 13 bankruptcy petition to Chapter 7 without informing the bankruptcy court of the claims. Indeed, Plaintiff states outright that he discussed the matter with the attorney who represented him in bankruptcy.[9] And, Plaintiff did disclose a civil claim brought against him by Lynchburg General Hospital, which further supports the finding that Plaintiff's non-disclosure of potential assets was intentional and not inadvertent, given that he disclosed the liability of a civil action, but not the potential asset of the ADA claims.

Thus, I find that Plaintiff had motive to fail to disclose the claims to the bankruptcy court as proper disclosure may have increased the amount of his assets, resulting in less favorable

---

[9] As previously noted, Plaintiff cannot claim that reliance on the advice of his attorney relieved him of his duty to disclose. *See* n. 6, *supra*.

Case 6:11-cv-00013-NKM-BWC Document 50 Filed 03/06/12 Page 12 of 14 Pageid#: 379

Chapter 13 payment plans. *See In re Family Dollar FLSA Litig.*, 2009 WL 1750908, *4 (plaintiffs failed to amend their bankruptcy schedules to reflect their claims, and the failure to disclose was deemed intentional); *Calafiore v. Werner Enterprises, Inc.*, 418 F. Supp. 2d 795, 798 (D. Md. 2006) ("If his undisclosed claim would have added assets to the bankruptcy estate, [the debtor] will usually be deemed to have had a motive to conceal those claims."); *In re Superior Crewboats, Inc.*, 374 F.3d 330, 336 (5th Cir. 2004) ("The [plaintiffs] had the requisite motivation to conceal the claim as they would certainly reap a windfall had they been able to recover on the undisclosed claim without having disclosed it to the creditors."); *DeLeon v. Comcar Industries, Inc.*, 321 F.3d 1289, 1291 (11th Cir. 2003) (holding that a financial motive to hide assets exists under Chapter 13 because the amount disclosed affects the amount to be discounted and repaid).

I stress that precedent establishes that the failure to disclose a discrimination claim to the bankruptcy court is treated as a representation that no such claim exists, *see, e.g., Brockington*, 2007 WL 4812205, at *4 (quoting *Stallings*, 447 F.3d at 1047), and the doctrine of judicial estoppel has been applied to dismiss employment discrimination claims when the plaintiff has failed to disclose the claims or potential claims in a bankruptcy action and then asserts those pre-existing claims in an action for damages in a district court. *Id.* at *5 (dismissing race discrimination and harassment claims); *Casto*, 2006 WL 660458 (dismissing age discrimination claim); *see also Gresham v. Food Lion, Inc.*, 31 F. App'x 131, 135 (4th Cir. 2002) ("these claims were barred by the doctrine of judicial estoppel because [plaintiff] had failed to disclose the existence of these claims in a disclosure statement he filed in connection with a bankruptcy petition filed by [plaintiff] in the United States Bankruptcy Court"); *Payless Wholesale Distrib. Inc. v. Alberto Culver (P.R.) Inc.*, 989 F.2d 570, 571 (1st Cir. 1993) (same); *In re Coastal Plains,*

*Inc.*, 179 F.3d at 208, 209 (same).

In sum, district courts within the Fourth Circuit have applied the doctrine of judicial estoppel to bar plaintiffs from pursuing claims that were not disclosed to the bankruptcy court during bankruptcy proceedings. *See, e.g., Thomas v. Palmetto*, 2006 WL 2623917, *1; *Calafiore*, 418 F. Supp. 2d at 798; *Casto*, 2006 WL 660458. As in those cases, all four elements of the Fourth Circuit's judicial estoppel test are satisfied in the present case. Accordingly, assuming that Plaintiff could show abandonment of the instant claims by the bankruptcy trustee, Plaintiff would obtain standing; however, Plaintiff would be judicially estopped from pursuing the claims, and the complaint would be dismissed under Rule 12(b)(6).

## V.

For the stated reasons, Defendants' motion to dismiss (docket no. 39) will be granted, and any other pending motions will be denied as moot.

Entered this 6th day of March, 2012.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE